IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STATE OF ALASKA,<br><br>        Plaintiff,<br><br>vs.<br><br>EXPRESS SCRIPTS, INC., *et al.*,<br><br>        Defendants. | Case No. 3:23-cv-00233-JMK<br><br>**ORDER GRANTING<br>MOTION TO AMEND** |

At Docket 56, Plaintiff State of Alaska ("the State") moves for leave to file a second amended complaint containing an additional cause of action. Defendants Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, ESI Mail Pharmacy Services, and Express Scripts Pharmacy, Inc. (collectively "Express Scripts") responded in opposition at Docket 58. For the following reasons, the State's *Motion for Leave to Amend* is **GRANTED**.

### I. BACKGROUND

The State brings this action on behalf of Alaskans against Express Scripts in its capacity as a Pharmacy Benefits Manager ("PBM"), a research provider, and a mail-order pharmacy for its alleged role in fueling the opioid epidemic in Alaska.[1] In its First

---

[1] *See generally* Docket 24 (SEALED); *see also* Docket 1-1.

Amended Complaint, the State asserts two claims—one for public nuisance and one for violations of the Alaska Unfair Trade Practices and Consumer Protection Act ("CPA").[2]

The State initially filed this suit in Alaska Superior Court. Following removal, the State moved to remand the case.[3] After oral argument on remand, but before the Court issued an order, the State filed the instant motion.

## II. LEGAL STANDARD

A party may amend a pleading as a matter of course within 21 days of serving it.[4] Once this period has elapsed, a party may amend its pleading "only with the opposing party's written consent or the court's leave."[5] "The court should freely give leave when justice so requires."[6] The decision to grant or deny leave to amend rests in the "sole discretion of the trial court,"[7] though the Ninth Circuit has instructed that "[r]equests for leave to amend should be granted with 'extreme liberality.'"[8]

Consistent with the liberal spirit of Rule 15, courts should decline to grant leave to amend only "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

---

[2] Docket 24 (SEALED) at 50–59.
[3] Docket 30.
[4] Fed. R. Civ. P. 15(a)(1).
[5] Fed. R. Civ. P. 15(a)(2).
[6] *Id.*
[7] *Stanton v. Battelle Energy All., LLC.*, 83 F. Supp. 3d 937, 949 (D. Idaho 2015).
[8] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).

*The State of Alaska v. Express Scripts, Inc., et al.*     Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend     Page 2
Case 3:23-cv-00233-JMK    Document 71    Filed 05/21/24    Page 2 of 11

amendment, or futility of amendment, etc.'" (together, "the *Foman* factors").[9] Among these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight."[10] "Prejudice is the 'touchstone of the inquiry under Rule 15(a).'"[11] Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[12] "The party opposing amendment bears the burden of showing prejudice."[13]

### III. DISCUSSION

The State moves for leave to file an amended complaint asserting a claim for violations of the federal Racketeer-Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq*. It argues that allowing it to file its proposed amendment would not cause prejudice to Express Scripts or cause undue delay as this Court has not yet entered a scheduling order, discovery has not commenced, and the case remains in a preliminary stage.[14] And, the State acknowledges that the addition of this federal law claim would provide this Court subject-matter jurisdiction and obviate its prior motion to remand the case to state court.[15] In opposition, Express Scripts asserts that this is the rare case in which denial of leave to amend is appropriate.[16]

---

[9] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[10] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[11] *Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).
[12] *Id.* (emphasis in the original).
[13] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
[14] Docket 56 at 5–7; Docket 59 at 5–6.
[15] Docket 56 at 7.
[16] Docket 58 at 12.

The *Foman* factors weigh in favor of allowing leave to amend in this instance.

A.  **Amendment Minimally Prejudices Express Scripts**

Express Scripts contends that amendment would work prejudice as it would waste the resources used to litigate the motion to remand, further delay a ruling on the motion to dismiss, and "plac[e] the burden of the State's tactical missteps squarely on Express Scripts."[17]

"Prejudice is the touchstone of the inquiry under Rule 15(a)" and "carries the greatest weight."[18] Here, leave to amend would minimally prejudice Express Scripts. True, the parties have incurred costs litigating the motion to remand and the Court delayed argument on the motion to dismiss by several weeks. But incurring some initial costs is not sufficiently prejudicial to warrant denying leave to amend. Furthermore, this case is still in its very early stages. Express Scripts has not yet had to answer, and discovery has yet to commence. Leave to amend will not significantly disrupt the litigation and, in fact, will ensure that Express Scripts can litigate in their preferred forum.

B.  **The State's Motion to Amend Is Not Made in Bad Faith**

Express Scripts argues that the State's proposed amendment is a bad faith attempt to judge- and forum-shop and avoid the consequences of a recent decision foreclosing similar claims to those in this case by Judge Gandbhir, the Alaska Superior

---

[17] *Id.* at 16–18.
[18] *Eminence Cap.*, 316 F.3d at 1052 (internal quotations and citations omitted).

*The State of Alaska v. Express Scripts, Inc., et al.*  Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend  Page 4
Case 3:23-cv-00233-JMK   Document 71   Filed 05/21/24   Page 4 of 11

Court judge assigned to this case before removal.[19] The State indicates that Judge Gandbhir's recent ruling prompted it to "expand its liability claims."[20] But it notes that it is not bad faith to seek amendment in order to remain in federal court or to add a federal claim after removal, even if the facts underlying that claim were known.[21]

A bad faith motive to amend may exist where the "motion to amend was brought to avoid the possibility of an adverse . . . ruling"[22] or the movant attempts to manipulate jurisdiction or forum-shop.[23]

*First,* the State does not bring the current motion to avoid the possibility of an adverse ruling in the sense discussed in the cases cited. It does not seek to "salvage its case during the waning stages of the proceedings" or switch tack after oral argument indicated its claims were doomed as was the case in *Acri*.[24] Rather, the State adds a claim to strengthen its case due to a recent ruling that suggests its state law claims may be on weaker footing than previously thought. And it is doing so before Express Scripts has had to answer.

*Second*, the Court does not agree that the State is seeking to judge-shop or abuse the judicial process. Although the State sought to litigate this case in state court and

---

[19] Docket 58 at 12–14.
[20] Docket 56 at 3.
[21] Docket 59 at 2–4.
[22] *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).
[23] *See Sorosky v. Boroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (concluding a district court's denial of leave to amend where a party sought to add a defendant to destroy diversity was not an abuse of discretion).
[24] *Ronan Tel. Co. v. Verizon Select Servs., Inc.*, 340 F.R.D. 167, 172 (D. Mont. 2021); *see also Acri*, 781 F.2d at 1398 (denying leave to amend after a plaintiff sought to add a claim after oral argument on summary judgment).

*The State of Alaska v. Express Scripts, Inc., et al.*      Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend      Page 5
Case 3:23-cv-00233-JMK   Document 71   Filed 05/21/24   Page 5 of 11

changed course only after Judge Gandbhir issued her decision in *Walgreens*, it has provided an understandable rationale for this change in position. The Court hesitates to assume the State's bad faith in the face of an independent and plausible explanation for its addition of a RICO claim.

*Finally*, Express Scripts argues that "where there is evidence of bad faith, prejudice 'naturally follows from granting' leaving to amend."[25] But prejudice does not "naturally follow[]" from bad faith in all cases. In *Hernandez v. DMSI Staffing, LLC*, prejudice followed bad faith because the plaintiff sought to amend and dismiss claims which another court, in a duplicate action, was likely to compel her to arbitrate.[26] Prejudice followed bad faith there because the plaintiff's bad faith, if unaddressed, would have allowed her to avoid the possibility of an adverse ruling.[27]

Here, prejudice does not follow the alleged bad faith because the Court would have allowed leave to amend had it taken the course of action proposed by Express Scripts and denied the motion to remand. Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, and "may avoid federal jurisdiction by exclusive reliance on state law," even where a federal claim is available.[28] Upon removal, plaintiffs who originally sought to avoid the federal forum by exclusively relying on state law have been

---

[25] Docket 58 at 16 (quoting *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015), *aff'd sub nom. Hernandez v. DMSI Staffing*, LLC, 677 F. App'x 359 (9th Cir. 2017)).
[26] *Hernandez*, 79 F. Supp. 3d at 1059.
[27] *Id.*
[28] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

permitted to amend and add federal claims.[29] Therefore, had this Court denied the now-moot motion to remand, it would have allowed the State to amend its complaint to add a federal claim. Express Scripts is clear that it wishes to be in federal court. Accordingly, prejudice does not follow the alleged bad faith here. Indeed, the two courses of action suggested by the parties lead to the same result.

**C.    There Is No Undue Delay**

Express Scripts argues that the State made an initial tactical choice to exclude a RICO claim, which government entities have included in similar cases against Express Scripts since 2018, and that its addition of this claim now, without newly discovered facts, constitutes undue delay and weighs against giving leave to amend.[30] The State responds that any delay is not undue and it is appropriate to allow leave to amend to add a federal claim following removal, even if the plaintiff knew of that claim at the time of filing.[31]

There is no undue delay in this case. While the State was aware of its RICO claims at the time of filing its complaint, it had valid reasons not to assert them. Once it became aware of the potential weakness of its state law claims, it moved to amend.

**D.    The State's Additional Claim Is Not Futile**

Express Scripts states that amendment would be futile as the proposed RICO claim is foreclosed by precedent and is time-barred.[32] The State contends that amendment

---

[29] *See Urango v. Frozen Food ExpressIndustries Inc.*, No. 13-CV-02661 TLN-AC, 2014 WL 1379892, at *2 (E.D. Cal. Apr. 8, 2014).
[30] Docket 58 at 14–16.
[31] Docket 59 at 4–5.
[32] Docket 58 at 18–21.

*The State of Alaska v. Express Scripts, Inc., et al.*                    Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend                                                           Page 7
Case 3:23-cv-00233-JMK   Document 71   Filed 05/21/24   Page 7 of 11

is not futile as the proposed amendment adequately pleads injuries and that the statute of limitations governing RICO claims does not apply to equitable relief.[33]

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."[34] "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)," which requires that the complaint "contain sufficient factual matter to state a facially plausible claim to relief."[35]

Express Scripts argues that allowing the State to add a RICO claim would be futile because a plaintiff bringing a civil RICO claim must have been "injured in his business or property by reason of" the alleged racketeering, the State cannot show such an injury by demonstrating increased public expenditures, and the four categories of injuries in this State's complaint do not suffice to show a business or proprietary injury.[36] The State responds that it has alleged property harms, including "[l]osses caused by diminished property values in neighborhoods where the opioid epidemic has taken root" and "[l]osses caused by diminished property values in the form of decreased business investment and tax revenue."[37] And it points out that Express Scripts does not argue that the State has not alleged this property harm, but rather that its allegations are too vague.[38]

To have standing to assert a civil RICO claim, a plaintiff "must show: (1) that [their] alleged harm qualifies as injury to his business or property; and (2) that

---

[33] Docket 59 at 6–8.
[34] *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).
[35] *Gwitchyaa Zhee Corp. Alexander*, No. 4:18-CV-0016-HRH, 2019 WL 93498, at *3 (D. Alaska Jan. 3, 2019) (citations omitted).
[36] Docket 58 at 13–15 (quoting 18 U.S.C. §1964(c)).
[37] Docket 59 at 7 (citing Docket 57 (SEALED) at ¶ 431(m)–(n)).
[38] *Id.* at 6–7.

[their] harm was 'by reason of' the RICO violation . . . ."[39] The State's allegations that it suffered losses caused by diminished property values are facially plausible. The State alleges that it suffered losses caused by diminished property values and includes allegations explaining how the oversupply of opioids contributed to serious addiction, increased use of illegal drugs like heroin, and a variety of other societal harms, which may impact property values.[40]

Additionally, Express Scripts argues that the State's RICO claim is time-barred because the activity in other suits and the allegations in its Complaint demonstrate that the State discovered its injury in October 2018 at the very latest and it did not file this lawsuit until 2023, after the four-year limitations period ran.[41] The State responds that the statute of limitations with respect to RICO claims does not apply to equitable relief and that doctrines extending the limitations period may apply in this case.[42] Although the Ninth Circuit has not address the issue, in the *National Prescription Opiate* multi-district litigation, Judge Polster concluded that federal RICO claims for equitable relief are "exempt from the operation of a limitations period."[43] The State's RICO claim includes a claim for equitable relief.[44] Accordingly, its RICO claim is not barred by the statute of

---

[39] *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).
[40] Docket 57 (SEALED) at 66–73.
[41] Docket 58 at 21–23.
[42] Docket 59 at 7–8.
[43] *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 4194296, at *6 (N.D. Ohio Sept. 4, 2019).
[44] Docket 57 (SEALED) at ¶ 435.

*The State of Alaska v. Express Scripts, Inc., et al.*  Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend  Page 9
Case 3:23-cv-00233-JMK   Document 71   Filed 05/21/24   Page 9 of 11

limitations at least as far as it seeks equitable relief. The Court lacks sufficient briefing on whether the limitations period should be extended in this case.

E. **The Court Declines to Require Fees and Costs as a Condition of Granting Leave to Amend and Will Not Address Estoppel and Waiver at this Time**

Finally, Express Scripts requests that, if the Court grants leave to amend, it estop the State from disavowing its previous disclaimer of claims related to Express Scripts' work related to federal plans.[45] And it insists that, at a minimum, the Court should impose costs and fees on the State as a condition of granting leave to amend as the State's gamesmanship required the parties to needlessly litigate the motion to remand.[46] On these points, the State responds that the issue of estoppel and waiver is proper fodder for a motion for summary judgment, not an opposition to a motion to amend, and that there are no grounds for costs and fees associated with the remand motion.[47]

The Court declines to address the issue of waiver and estoppel now. That issue may be properly raised on a motion for summary judgment. And, although "a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty," it will not do so here.[48] The State's pleading was not faulty, but rather the product of a permissible tactical choice.[49]

---

[45] Docket 58 at 23–25.
[46] *Id.* at 25.
[47] Docket 59 at 8–10.
[48] *See Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995).
[49] *See Baddie v. Berkeley Farms, Inc.*, 64 F. 3d 487, 490–91 (9th Cir. 1995).

*The State of Alaska v. Express Scripts, Inc., et al.*  Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend   Page 10

Case 3:23-cv-00233-JMK   Document 71   Filed 05/21/24   Page 10 of 11

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Amend* at Docket 56. The *Motion to Remand* at Docket 30 is **DENIED AS MOOT**. The State is instructed to file a clean version of its Second Amended Complaint as soon as practicable.

IT IS SO ORDERED this 21st day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*The State of Alaska v. Express Scripts, Inc., et al.*  Case No. 3:23-cv-00233-JMK
Order Granting Motion to Amend  Page 11
Case 3:23-cv-00233-JMK   Document 71   Filed 05/21/24   Page 11 of 11