Matthew T. Findley
Ashburn & Mason P.C.
1227 West 9th Avenue, Suite 200
Anchorage, AK 99501
Tel: (907) 276-4331
matt@anchorlaw.com

Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
Daniel Salinas-Serrano (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com
danielsalinas@quinnemanuel.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| The State of Alaska,<br><br>        Plaintiff,<br><br>  v.<br><br>Express Scripts, Inc., *et al.*,<br><br>        Defendants. | Case No. 3:23-cv-00233-SLG |

**EXPRESS SCRIPTS' MOTION TO COMPEL PLAINTIFF STATE OF ALASKA TO PRODUCE RECORDS OF ITS PRESCRIPTION OPIOID-RELATED INVESTIGATIONS AGAINST EXPRESS SCRIPTS**

Oral Argument Requested

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................... 1
BACKGROUND ................................................................................................................ 2
ARGUMENT ..................................................................................................................... 4
I.   RECORDS OF THE STATE OF ALASKA'S PRESCRIPTION OPIOIDS INVESTIGATIONS INTO EXPRESS SCRIPTS ARE RELEVANT AND DISCOVERABLE. ................................................................ 4
II.  THE STATE OF ALASKA MUST PROPERLY LOG EVERY RESPONSIVE DOCUMENT IT WITHHOLDS ON THE BASIS OF A CLAIMED PRIVILEGE. ............................................................................ 8
III. THE STATE OF ALASKA IS REQUIRED TO SEARCH FOR AND PRODUCE RESPONSIVE DOCUMENTS THAT ARE WITHIN ITS POSSESSION, CUSTODY, OR CONTROL. ................................................ 10
CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

## Cases

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
 483 U.S. 143 (1987)..........................................................................................................1

*Apple Inc. v. Samsung Elec. Co., Ltd.*,
 306 F.R.D. 234 (N.D. Cal. 2015)....................................................................................8

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*,
 408 F.3d 1142 (9th Cir. 2005).........................................................................................9

*Est. of Austin v. Kern County Sheriff's Off.*,
 2025 WL 73059 (E.D. Cal. Jan. 10, 2025) .....................................................................8

*Mi Familia Vota v. Fontes*,
 344 F.R.D. 496 (D. Ariz. 2023) ......................................................................................8

*Nat'l Union Fire Ins. Co. v. Triumvirate, LLC*,
 2024 WL 4818687 (D. Alaska Nov. 18, 2024)...............................................................4

*Qualcomm Inc. v. Apple, Inc.*,
 2019 WL 92570 (S.D. Cal. Jan. 3, 2019)......................................................................11

*Ramirez v. County of Los Angeles*,
 231 F.R.D. 407 (C.D. Cal. 2005)....................................................................................5

*Richmark Corp. v. Timber Falling Consultants*,
 959 F.2d 1468 (9th Cir. 1992) ........................................................................................5

*Sia Chue Yang v. Schwarzenegger*,
 2010 WL 11587074 (N.D. Cal. May 12, 2010) ............................................................10

*V5 Techs. v. Switch, Ltd.*,
 2019 WL 13157472 (D. Nev. Dec. 20, 2019)...............................................................10

*Vanguard Logistics v. Robinson*,
 2024 WL 1171654 (C.D. Cal. Mar. 6, 2024)................................................................11

*Walt Disney Co. v. DeFabiis*,
 168 F.R.D. 281 (C.D. Cal. 1996)..................................................................................11

## Statutes

AS 45.50.495(b)......................................................................................................................2

## Rules

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

Fed. R. Civ. P. 26.....................................................................................................8, 9

Fed. R. Civ. P. 26(b)(1)............................................................................................4, 5

Fed. R. Civ. P. 26(b)(5)(A) ...........................................................................4, 8, 9, 10

Fed. R. Civ. P. 34...............................................................................................3, 8, 9

Introduction

Defendant Express Scripts moves to compel the State of Alaska to produce highly relevant documents pertaining to an investigation it conducted of Express Scripts relating to prescription opioids in 2018 (and possibly earlier). These documents are relevant to many aspects of this case, not least of which is Express Scripts' timeliness defense.[1]

The statute of limitations for RICO claims is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). At the pleading stage, this Court "agree[d] with Express Scripts" that the State of Alaska knew of its alleged RICO injuries more than four years before it filed this lawsuit—*i.e.*, "before August 2019." Dkt. 111 at 14. Indeed, the Court found that the State had "knowledge of its injuries as early as 2017." *Id.* at 14–15. The Court allowed the State's RICO claim to survive dismissal only because the State alleged that it "did not discover—and could not have discovered, given Express Scripts' alleged fraudulent misrepresentation—evidence to support its case against Express Scripts until its counsel received discovery in the MDL." *Id.* at 23–24.

What the State did not tell the Court (and Express Scripts could not raise in the Rule 12(b)(6) briefing because it was outside the pleadings), is that *by March 2018*, the State had launched an investigation of Express Scripts relating to prescription opioids, including

---

[1] Per Local Civil Rule 37.1, Defendants certify that the parties have exchanged correspondence and have met and conferred on this issue to avoid court action but are at an impasse.

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.  CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY  PAGE 1

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 5 of 17

by subpoenaing Express Scripts for documents. Thus, the State either did discover, or at minimum could have discovered, its claims against Express Scripts by 2018.

The State previously told this Court, when opposing Express Scripts' motion to dismiss its RICO claim on timeliness grounds, that "[w]hat the State knew and when is a question for discovery." Dkt. 84 at 24. Yet, when Express Scripts served a discovery request for the State's records relating to its investigation of Express Scripts, the State refused to produce anything in response. The Court should compel the State to produce these records, which will establish what facts the State knew and when.

## Background

On March 21, 2018, the Alaska Attorney General served a subpoena on Express Scripts under the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.495(b) (**the Opioid Subpoena**). *See* Ex. A. Many of the requests directly related to questions about the opioid epidemic. *See id.* at 14–17. In fact, according to a summary of a meet-and-confer with the State's outside counsel, Motley Rice, LLC (**Motley Rice**), on April 13, 2018, the State represented that it was "investigating various entities concerning the opioid epidemic," and that Motley Rice had been hired to assist with these investigations, including with the Opioid Subpoena. *See* Ex. B. One such entity was Express Scripts. *See* Ex. A. The investigation of Express Scripts necessarily must have begun at some point before the subpoena was served on March 21, 2018, but—to date—the State has refused to say when it commenced its investigation.

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.     CASE NO. 3:23-cv-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY     PAGE 2

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 6 of 17

To help ascertain what the State knew and when, Express Scripts served a request for production under Federal Rule of Civil Procedure 34 asking the State to produce:

> [e]very Document reflecting, referring to, or relating to any investigation of any Defendant by the Alaska Attorney General in connection with any Prescription Opioid, including (but not limited to) the investigation referenced in the subpoena dated March 21, 2018, with AFO File No. AN2017102160, that the Alaska Attorney General served on Express Scripts.

*See* Ex. C (**the Request**).

The State has not complied with this Request. On January 22, 2025, the State responded that it would produce "responsive, non-privileged documents," but that it was withholding responsive documents such as (1) all documents produced by Express Scripts in response to the Opioid Subpoena, (2) communications between the State's counsel regarding the investigations that led to, and conversations about, the Opioid Subpoena as well as about the documents Express Scripts produced in response to the Opioid Subpoena; and (3) documents reflecting the State's counsel's work product. *See* Ex. D; *see also* Ex. E. The State relied chiefly on broad, overarching privilege objections and on the argument that "[t]he State is not required to search for and produce documents in the possession of Express Scripts." *See* Ex. D.

On January 28, 2025, Express Scripts sent a letter to the State explaining that the documents obtained in response to the Opioid Subpoena are inherently unprivileged, highly relevant to this case, and unquestionably in the State's possession. Ex. F. Additionally, Express Scripts explained that, regardless of any claim of privilege, it was entitled to documents showing "key non-privileged facts, such as when the State's investigation(s) of

State of Alaska v. Express Scripts, Inc., et al.    Case No. 3:23-cv-00233-SLG
Express Scripts' Motion to Compel Discovery    Page 3

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 7 of 17

Express Scripts began, how long it went on for, and who at the State was involved in the investigations." *Id*.

Express Scripts and the State met and conferred on January 30, 2025, to discuss the State's objections, with Express Scripts proposing multiple compromises to the Request in a good faith attempt to obtain responsive documents. Still, the State did not comply. On March 27, 2025, Express Scripts again wrote to the State's counsel asking for an update. Ex. G. Express Scripts reiterated its view that the Request included at least some unprivileged materials, and that any privileged materials must be listed in a privileged log under Rule 26(b)(5)(A). *Id*. Express Scripts offered to meet and confer again on this subject and requested a response by April 4, 2025. Again, the State refused to comply, responding that the Request "is not likely to lead to the discovery of admissible evidence." *See* Ex. E.

To date, the State has not produced any responsive materials. And it has refused to produce any privilege log to describe the purportedly privileged materials it is withholding.

## Argument

**I. Records of the State of Alaska's prescription opioids investigations into Express Scripts are relevant and discoverable.**

"Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery and provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case.'" *Nat'l Union Fire Ins. Co. v. Triumvirate, LLC*, 2024 WL 4818687, at *2 (D. Alaska Nov. 18, 2024). "Information within this scope of discovery need not be admissible in evidence to

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.　　　　CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY　　　　　　　　　　　　　　　PAGE 4

Case 3:23-cv-00233-SLG　　Document 140　　Filed 07/10/25　　Page 8 of 17

be discoverable." Fed. R. Civ. P. 26(b)(1). And, "[t]he party that resists discovery has the burden to show why the discovery request should be denied." *Id.*

The State did not object to Express Scripts' Request on relevance grounds in its original responses and objections. *See* Ex. D at 3–4. That is sufficient to overrule the relevance objections belatedly raised months later. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("[T]he court will not consider any objections that were not asserted in the responding party's original discovery responses.").

Even if the Court were to consider the State's belated relevance objection, the State does not (and cannot) meet its burden to show that the requested materials are not relevant. When arguing against dismissal of its RICO claim on timeliness grounds, the State told this Court that "[w]hat the State knew and when is a question for discovery." Dkt. 84 at 24. The requested documents go exactly to that: what the State knew and when from its investigation of Express Scripts. *See* Ex. A.

Logically, the State began investigating Express Scripts before March 21, 2018, when the State served the Opioid Subpoena. But the State's refusal to produce responsive documents conceals how much earlier, as well as what the State knew and when. After the State served the Opioid Subpoena, Express Scripts and the State had a preliminary meet and confer in 2018 where counsel for the State, Motley Rice (the same counsel of record

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.     CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY     PAGE 5

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 9 of 17

here), stated that it was "investigating various entities concerning the opioid epidemic" and had been hired by the State to assist with these investigations, including with the Opioid Subpoena. *See* Ex. B. The State had announced in an October 2017 press release that it had "hired the firm Motley Rice on a contingency fee basis this summer [*i.e.*, Summer 2017] to investigate whether any manufacturers or distributors of opioids had violated state consumer protection laws." Ex. H. So in addition to obtaining documents directly from Express Scripts through the Opioid Subpoena, the State also likely obtained documents about Express Scripts from the manufacturers and other entities it was investigating. After all, a central component of the State's allegations against Express Scripts in this case are that it purportedly conspired with opioid manufacturers. Dkt. 80 ¶ 30. That indicates that the State's investigation of Express Scripts also may have begun in summer 2017 or earlier. Information about what the State knew and when is directly relevant to Express Scripts' statute-of-limitations defense and a proper topic for discovery—as the State previously conceded. Dkt. 84 at 24.

The State also objects to producing the communications and documents that it received from Express Scripts in response to the Opioid Subpoena in 2018. But the State should produce *its* copies to establish what the State possessed and when.

The State's specific requests in the Opioid Subpoena confirm the relevance of the information that Express Scripts seeks and that the State insists on withholding. *See* Ex. A. The State's requests targeted, among other things, communications with opioid manufacturers, agreements with opioid manufacturers, and information regarding

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.  CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY  PAGE 6

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 10 of 17

formularies, utilization management (**UM**), and rebates. *Id.* Each of these requests—and the documents and information obtained in response to them from Express Scripts and other entities that the State was simultaneously investigating, such as opioid manufacturers—is relevant to facts and allegations the State has made in this case to support its claims of unfair trade and deceptive practices, public nuisance, and RICO.

As one example, the State alleges that Express Scripts "colluded with manufacturers to further boost opioid sales, and its own profits through formulary and UM offerings that encouraged opioid prescribing, paid for by manufacturers through rebates and fees." Dkt. 80 ¶ 30. This is exactly what the State was investigating Express Scripts for by March 2018. *See* Ex. A, at Request Nos. 3 (seeking documents concerning UM offerings such as prior approvals, substitution limits, and quantity limits), 4 (formulary status), 9 (communications with opioid manufacturers, representatives of opioid manufacturers, professional society, or advocacy organization concerning the use, risks, and benefits, coverage or formulary status for Opioids), 10 (agreements with opioid manufacturers or wholesale suppliers regarding the coverage, formulary status, rebates, incentives, or pricing of Opioids), 12 (communications with drug manufacturers concerning pricing, or formulary placement), and 13 (documents and communications concerning pricing and formulary placements for all drugs with orphan designations).

In short, the very issues at the heart of the State's claims in this case—issues that the State would have this Court believe that it only recently become aware of—were the focus of the State's Opioid Subpoena to Express Scripts in March 2018. Materials from the

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.     CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY     PAGE 7

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 11 of 17

State's investigations of Express Scripts are thus highly relevant to the State's claims in this case and to Express Scripts' affirmative defenses (especially its statute-of-limitations defenses) and should be produced.

## II. The State of Alaska must properly log every responsive document it withholds on the basis of a claimed privilege.

Where a party asserts privilege as grounds for withholding documents responsive to a Rule 34 request—as the State has done here—Rule 26 requires the denying party to expressly assert that privilege, "describe the nature of the documents . . . not produced," and "do so in a matter that . . . will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A). The Stipulated Protective Order entered by the Court also provides that, when a party withholds responsive privileged information, "it will provide a privilege log identifying such withheld material." Dkt. 89 ¶¶ 9, 14; *see also* Dkt. 98 at 5 (ordering that privilege claims will be handled in accordance with the Stipulated Protective Order). "The customary way of asserting a privilege claim is through the preparation of a privilege log." *Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 511 (D. Ariz. 2023); s*ee also Apple Inc. v. Samsung Elec. Co., Ltd.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("The party asserting the privilege bears the burden of establishing all necessary elements. . . . The most common way to do this is with a privilege log."). Courts within the Ninth Circuit agree that the log:

> typically must identify [1] [t]he document's general nature and description; [2] [n]ame and position of its author; [3] [d]ate it was written; [4] [n]ame and position of all addressees and recipients; [5] [t]he document's present location; and [6] [s]pecific reasons why it was withheld (*e.g.*, the applicable privilege).

*Est. of Austin v. Kern County Sheriff's Off.*, 2025 WL 73059 (E.D. Cal. Jan. 10, 2025).

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.  CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY   PAGE 8

Case 3:23-cv-00233-SLG   Document 140   Filed 07/10/25   Page 12 of 17

The State insists that "the majority of responsive documents will be privileged," Ex. G, and that it "has no obligation to produce a privilege log of these pre-suit communications." Ex. E. But the State cannot escape its discovery obligations under Rule 26(b)(5)(A) and the Stipulated Protective Order by alluding to privileges generally, without reference to specific documents. Express Scripts is entitled to a proper privilege log covering each responsive withheld document, so that it can assess the privilege assertions and can challenge, as appropriate, any improper privilege assertions. The State's assertion that "the majority of responsive documents will be privileged" is insufficient, as "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

During the meet-and-confer process, the State complained that responding to the Request would require the State to log a voluminous number of privileged materials. But volume alone does not excuse the State's compliance with its obligation to log responsive materials it asserts are privileged. It would be perverse to allow the State to avoid producing or logging evidence showing that it has long known of its claims against Express Scripts (and thus that they are time-barred) simply because there is too much of that evidence.

Rule 26 mandates that a party withholding documents on the basis of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see*

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.     CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY     PAGE 9

Case 3:23-cv-00233-SLG     Document 140     Filed 07/10/25     Page 13 of 17

*also* Dkt. 89 ¶¶ 9, 14. Nothing in Rule 26(b)(5)(A) or the Stipulated Protective Order allows a party to evade its logging obligations due solely to the volume of documents over which it is asserting privilege. The State in theory could move for a protective order on grounds of undue burden under Rule 26(c), but it has not filed any such motion. And even if it had, it has not substantiated any purported burden—it has offered no evidence of the volume of materials at issue or evidence of why the State cannot feasibly log them. "[A] successful undue burden argument requires a specific factual showing of the nature and extent of the burden," *V5 Techs. v. Switch, Ltd.*, 2019 WL 13157472, at *3 (D. Nev. Dec. 20, 2019), and the State has made no such showing. *See Sia Chue Yang v. Schwarzenegger*, 2010 WL 11587074, at *12 (N.D. Cal. May 12, 2010) (rejecting unsubstantiated undue burden objection and ordering production of privilege log as the burden of creating privilege log is "just one of the costs of litigation").

**III.     The State of Alaska is required to search for and produce responsive documents that are within its possession, custody, or control.**

Both the procedural history of this case and the law support Express Scripts' request that the State produce *all* materials responsive to the Request, including all documents produced by Express Scripts years ago in response to the Opioid Subpoena, and all correspondence with Express Scripts regarding the same.

The State's insistence that it is not required to search for and produce documents in the possession of Express Scripts is contrary to law. Courts within the Ninth Circuit routinely hold that "whether a party already has the information requested is not a valid

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.                                    CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY                                                              PAGE 10

Case 3:23-cv-00233-SLG     Document 140     Filed 07/10/25     Page 14 of 17

objection." *E.g.*, *Vanguard Logistics v. Robinson*, 2024 WL 1171654, at *7 (C.D. Cal. Mar. 6, 2024) (citing *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996)).

For example, in *Qualcomm Inc. v. Apple, Inc.*, Apple objected to producing communications between itself and Qualcomm on the basis that "it was under no obligation to produce documents already in Qualcomm's possession." 2019 WL 92570, at *2 (S.D. Cal. Jan. 3, 2019). The Court held that "[t]hat objection [was] frivolous unless supported by a claim of undue burden." *Id.* "There often is evidentiary value in having an opposing party produce a document that the requesting party already has. The value is not in what the document [necessarily] says, but in the fact that the opposing party has it." *Id.*

So too here. There is value in establishing which documents the State possessed in connection with its investigation of Express Scripts, including any documents that Express Scripts produced. And like in *Qualcomm*, the State has not raised an undue burden objection to producing such materials, so its objection that Express Scripts already possesses these documents is similarly frivolous.

## Conclusion

For these reasons, the Court should compel the State of Alaska to produce all records of its prescription opioid-related investigations against Express Scripts.

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.  CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY  PAGE 11

Case 3:23-cv-00233-SLG    Document 140    Filed 07/10/25    Page 15 of 17

Dated: July 10, 2025

Respectfully submitted,

s/*Matthew T. Findley*
Matthew T. Findley
Ashburn & Mason P.C.
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel: (907) 276-4331
matt@anchorlaw.com

Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
Daniel Salinas-Serrano (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com
danielsalinas@quinnemanuel.com

*Attorneys for Defendants*

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.                    CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY                                            PAGE 12

Case 3:23-cv-00233-SLG     Document 140     Filed 07/10/25     Page 16 of 17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2025, a copy of the foregoing was served electronically through the CM/ECF system on all registered case users.

ASHBURN & MASON, P.C.

By: s/*Maarit Cain*
     Maarit Cain

STATE OF ALASKA V. EXPRESS SCRIPTS, INC., ET AL.    CASE NO. 3:23-CV-00233-SLG
EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY    PAGE 13
Case 3:23-cv-00233-SLG   Document 140   Filed 07/10/25   Page 17 of 17