STATE OF ALASKA
Treg Taylor, Attorney General
Margaret Paton Walsh, ABA #0411074
Department of Law
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: 907.269.5100
margaret.paton-walsh@alaska.gov

BIRCH HORTON BITTNER & CHEROT
David Karl Gross, ABA #9611065
Mara E. Michaletz, ABA #0803007
510 L Street, Suite 700
Anchorage, AK 99501
Telephone: 907.276.1550
dgross@bhb.com
mmichaletz@bhb.com

MOTLEY RICE LLC
Linda Singer (pro hac vice)
Elizabeth Smith (pro hac vice)
401 Ninth Street NW, Suite 630
Washington, DC 20004
Telephone: 202.386.9626
lsinger@motleyrice.com
esmith@motleyrice.com

Christopher F. Moriarty (pro hac vice)
28 Bridgeside Blvd.
Mount Pleasant, SC 29463
Telephone: 843.216.9000
cmoriarty@motleyrice.com

*Attorneys for Plaintiff the State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE STATE OF ALASKA,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPRESS SCRIPTS, INC., EXPRESS SCRIPTS ADMINISTRATORS, LLC; MEDCO HEALTH SOLUTIONS; ESI MAIL PHARMACY SERVICE, INC.; EXPRESS SCRIPTS PHARMACY, INC.,<br><br>    Defendants. | Case No. 3:23-cv-00233-SLG |

**THE STATE OF ALASKA'S OPPOSITION TO EXPRESS SCRIPTS' MOTION TO COMPEL PLAINTIFF STATE OF ALASKA TO PRODUCE RECORDS OF ITS PRESCRIPTION OPIOID-RELATED INVESTIGATIONS AGAINST EXPRESS SCRIPTS**

*State of Alaska v. Express Scripts, Inc., et al.*  STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG   Document 145   Filed 07/24/25   Page 1 of 9

The State of Alaska respectfully submits this memorandum of law in opposition to Express Scripts' Motion to Compel Plaintiff the State of Alaska to Produce Records of its Prescription Opioid-Related Investigations Against Express Scripts (Dkt. No. 140) ("Motion").

The State first asserted a claim for violations of RICO in its Second Amended Complaint filed on July 8, 2024 (Dkt. No. 80). While the motion to dismiss that claim was pending, on December 23, 2024, Defendants served the following document request, which forms the basis of their Motion:

> *Every* Document reflecting, referring to, or relating to any investigation of any Defendant by the Alaska Attorney General in connection with any Prescription Opioid, including (but not limited to) the investigation referenced in the subpoena dated March 21, 2018, with AFO File No. AN2017102160, that the Alaska Attorney General served on Express Scripts.

Defs.' Ex. C (Dkt. No. 140-3) at 6 (emphasis added). The State objected to this document request on several grounds, including that by seeking "[e]very" document, Defendants sought the State's attorneys' privileged communications and documents Defendants themselves produced to the State. *See* Defs.' Ex. D (Dkt. No. 140-4). Moreover, AS 45.50.592(e) makes clear that "[d]ocumentary material produced pursuant to a demand, or copies of it, unless otherwise ordered by a superior court for good cause shown, may not be produced for inspection or copying by, nor may its contents be disclosed to, anyone other than an authorized employee of the state without the consent of the person who

1

*State of Alaska v. Express Scripts, Inc., et al.*  STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG    Document 145    Filed 07/24/25    Page 2 of 9

produced the material." In other words, the State had every reason to object to Defendants' document request. *See* Defs.' Ex. E (Dkt. No. 140-5).

Defendants now move to compel the State "to produce all records of its prescription opioid-related investigations against Express Scripts" and log any privileged documents and communications related to the same on the primary basis that they may be relevant to their RICO statute of limitation defense. Mot. 11, 6.[1] Defendants' Motion should be denied as moot because the State explicitly agreed to produce to Defendants unprivileged documents and communications related to its investigation of Express Scripts and log any privileged documents and communications related to that investigation through four years prior to the filing of the Second Amended Complaint, which would cover the entirety of the period outside the limitation period. *See* **Ex. A** (July 22-23, 2025 e-mail correspondence).

***First***, Defendants seek reproduction of the communications and documents they produced to the State. *See* Mot. 6 (arguing that "the State should produce *its* copies" of "the communications and documents that it received from Express Scripts in response to the Opioid Subpoena in 2018"); *id.* at 10 (requesting an order that the State produce "all documents produced by Express Scripts years ago in response to the Opioid Subpoena, and all correspondence with Express Scripts regarding the same" and arguing that "[t]he State's insistence that it is not required to search for and produce documents in the possession of

---

[1] The parties do not dispute the RICO statute of limitations is four years. *See* Mot. 1 ("The statute of limitations for RICO claims is four years.").

Express Scripts is contrary to law"); *id.* at 11 ("There is value in establishing which documents the State possessed in connection with its investigation of Express Scripts, including any documents that Express Scripts produced."); **Ex. A** (July 22-23, 2025 e-mail correspondence) (Defendants' Counsel: "I explained that Express Scripts is entitled to know what exists in the State's files related to its March 2018 subpoena to Express Scripts, including all communications the State had with Express Scripts' counsel, internally, and with third parties related to the subpoena, as well as all materials produced in response to the subpoena.").

Defendants' arguments to the Court are in direct conflict with their representations to the State during the meet and confer process, and on which the State was entitled to rely. *See* Defs.' Ex. G (Dkt. No. 140-7) at 2 ("[A]s we explained during our meet and confer, the Request does *not* seek production of the documents that Defendants submitted to the State in response to the March 28, 2018 subpoena." (emphasis added)). Defendants do not address that fact in their Motion, and the Court may draw its own conclusions about Defendants' "good faith attempt to obtain responsive documents" before filing their Motion. Mot. 4.

Notwithstanding Defendants' flip-flop, the State has no objection to reproducing the documents and communications Defendants produced to the State, but requested that Defendants confirm they do not have those materials or otherwise explain their unusual request, both prior to and after Defendants filed the pending Motion. *See* **Ex. B** (July 11, 2025 e-mail); *see also Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, 2021 WL 4037857, at *5 (E.D. Pa. Sept. 3, 2021) ("Despite the importance of the issues, the Court

3

*State of Alaska v. Express Scripts, Inc., et al.*  STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG    Document 145    Filed 07/24/25    Page 4 of 9

will not require Peninsula to reproduce documents already produced because doing so will not aid the parties in resolving the remaining issues in the case."); *Raytheon Co. v. Rebarick*, 2019 WL 13488562, at *4 (M.D. Fla. Jan. 11, 2019) ("Lockheed is not required to reproduce documents that it has already produced."); *Kickapoo Tribe of Indians of Kickapoo Reservation in Kansas v. Nemaha Brown Watershed Joint Dist. No. 7*, 294 F.R.D. 610, 614 (D. Kan. 2013) ("The Court will not require the District to reproduce documents already produced to the Tribe in this matter, as such a *reproduction* would be unnecessarily duplicative.").

During a July 21, 2025, meet and confer – and in contrast to their position prior to filing their Motion – Defendants stated that they want the State to reproduce the documents and communications they produced so they can ensure their files are complete. The State agreed to reproduce those documents and communications. The issue is moot. *See* **Ex. A** (July 22-23 e-mail correspondence).

**Second**, Defendants seek an order compelling the State to produce the documents produced by the opioid manufacturers and distributors in response to subpoenas served by the State, to the extent those documents are related to the State's investigations of Express Scripts. *See* Mot. 7 ("Each of these requests—and the documents and information obtained in response to them from Express Scripts *and other entities that the State was simultaneously investigating, such as opioid manufacturers*—is relevant to facts and allegations the State has made in this case to support its claims of unfair trade and deceptive practices, public nuisance, and RICO." (emphasis added)). But Defendants overlook that approximately one month before Defendants filed their Motion, the State directed

4

*State of Alaska v. Express Scripts, Inc., et al.*  STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG    Document 145    Filed 07/24/25    Page 5 of 9

Defendants to the location of *all* documents produced by opioid manufacturers and distributors in response to the State's subpoenas, not just the documents that relate to Express Scripts. *See* **Ex. C** (June 26, 2025 Letter from C. Moriarty) at 2 ("In addition to the Express Scripts Defendants, the following entities produced documents in response to the State's civil investigative demands/subpoenas/document requests and also produced those documents in the MDL pursuant to DR-22: AmerisourceBergen (ABDC-AKSubpoena-), Cardinal Health (CAH_AKAG_), Janssen (JAN-AK-), McKesson (MCK-AK-), Mylan (MYAK), Purdue (PAK), and Teva (TEVA_AK). The issue is thus moot with respect to these entities.").[2] Defendants did not acknowledge or respond to that letter, and cut off the "Background" facts section of their Motion prior to receipt of this letter.

During the July 21, 2025, meet and confer, Defendants asked the State where and when the State provided this information, demonstrating they overlooked that letter in connection with their Motion. *See* Ex. A (Counsel for Defendants: "You pointed me to the bates prefixes of productions by such parties that you contend were reproduced into the

---

[2] Given the number of opioid-related lawsuits in federal and state courts across the country and significant overlap in discovery among those cases, the federal MDL court entered Discovery Ruling No. 22 (known as "DR-22"), which provides that the MDL should serve as a central repository for all opioid-related discovery and requires defendants to produce into the MDL copies of all sworn statements, testimony, video-taped testimony, written responses and discovery, expert reports, and other documents and discovery that they produce in any court case, government investigation, or government hearing, regarding the marketing, sales, distribution, or dispensing of opioids. In other words, the documents the State received in response to its subpoenas to the opioid manufacturers and distributors are available to Defendants.

5

*State of Alaska v. Express Scripts, Inc., et al.*  STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG    Document 145    Filed 07/24/25    Page 6 of 9

MDL via DR-22.").[3] Defendants then explained that they want to know when those documents were produced to the State. In response, the State offered to produce the relevant production letters, which would allow Defendants to match the documents produced to the State with the dates they were produced. The State understands that Defendants accepted this proposal. *See id.* The issue is therefore moot.[4]

***Finally***, as part of their statute of limitation defense, Defendants request that the State log certain communications and documents related to its investigations of Express Scripts. During the July 21, 2025, meet and confer, Defendants explained that they are interested in documents and communications that show the State's potential knowledge of its claims against Defendants outside the RICO limitation period. Accordingly, the State proposed that it log documents and communications related to its investigation of Express Scripts that pre-date the four-year period prior to the filing of the Second Amended Complaint that alleges violations of RICO. *See* Ex. A (State's Counsel: "As discussed, and as you explicitly note, the State will produce documents related to its investigation of Express Scripts and will log any privilege documents and communications related to that investigation through four years prior to the filing of the RICO claim in the Second Amended Complaint."). This would capture communications and documents outside the

---

[3] Such "oversights" are unfortunately becoming an all-too-common occurrence. *See* Dkt. No. 131-1 (stating Defendants "are still waiting for the State to answer Defendants' Interrogatories" that the State had answered approximately one month earlier).

[4] Defendants' follow up correspondence demonstrates they have not reviewed the materials in question that have been available to them throughout the litigation. *See* Ex. A (Counsel for Defendants: "I explained that Express Scripts needs to confirm that it can access these productions.").

6
*State of Alaska v. Express Scripts, Inc., et al.*  STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG   Document 145   Filed 07/24/25   Page 7 of 9

limitation period and therefore address Defendants' request. The State understood that Defendants were amenable to such an approach during the meet and confer, but Defendants subsequently made additional demands that the State stipulate that it was on notice of its RICO claim as of a date certain and produce or log all documents and communications up to that date, even if those documents and communications would fall *within* the RICO statute of limitation and thus have no bearing on Defendants' limitation defense. *See id.* Because Defendants do not argue that documents and communications regarding the State's investigation *within* the four-year statute of limitation are relevant and discoverable, there is no basis for Defendants' new (and unbriefed) demand or any logging during the four years prior to the filing of the Second Amended Complaint. *See* Mot. 4-8 (arguing only that materials related to the State's 2018 (and allegedly earlier) investigation of Express Scripts are relevant).

For the foregoing reasons, Defendants should withdraw their Motion. If they do not, it should be denied as moot and Defendants ordered to show cause as to why they did not do so.

Dated: July 24, 2025

Respectfully submitted,

BIRCH HORTON BITTNER & CHEROT

By: */s/ David Karl Gross*
David Karl Gross, ABA #9611065
Mara E. Michaletz, ABA #0803007
510 L Street, Suite 700
Anchorage, AK 99501
Telephone: 907.276.1550
dgross@bhb.com
mmichaletz@bhb.com

7

*State of Alaska v. Express Scripts, Inc., et al.*　　　　　　　　　　　　STATE'S OPP'N TO MOT. TO COMPEL
No. 3:23-cv-00233-SLG
Case 3:23-cv-00233-SLG　　　Document 145　　　Filed 07/24/25　　　Page 8 of 9

STATE OF ALASKA
Treg Taylor, Attorney General
Margaret Paton Walsh, ABA #0411074
Department of Law
1031 W. Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: 907.269.5100
margaret.paton-walsh@alaska.gov

MOTLEY RICE LLC
Linda Singer (pro hac vice)
Elizabeth Smith (pro hac vice)
401 Ninth Street NW, Suite 630
Washington, DC 20004
Telephone: 202.386.9626
lsinger@motleyrice.com
esmith@motleyrice.com
Christopher F. Moriarty (pro hac vice)
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843.834.4355
cmoriarty@motleyrice.com

*Attorneys for Plaintiff the State of Alaska*

### CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, a copy of the foregoing THE STATE OF ALASKA'S OPPOSITION TO EXPRESS SCRIPTS' MOTION TO COMPEL PLAINTIFF STATE OF ALASKA TO PRODUCE RECORDS OF ITS PRESCRIPTION OPIOID-RELATED INVESTIGATIONS AGAINST EXPRESS SCRIPTS & [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF STATE OF ALASKA TO PRODUCE RECORDS OF ITS PRESCRIPTION OPIOID-RELATED INVESTIGATIONS AGAINST EXPRESS SCRIPTS was served electronically on all counsel of record via the CM/ECF system.

By: */s/ Alli White*
     Alli White